UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY SNIDER,<br><br>                    Plaintiff,<br><br>     v.<br><br>NORTHLAND GROUP, INC.,<br><br>                    Defendant. | NO:  CV-11-191-RMP<br><br>PROTECTIVE ORDER |

Before the Court is the parties' motion to enter agreed protective order.  ECF No. 14.  The Court has reviewed the motion, the relevant filings, and is fully informed.

In light of the law regarding the sealing of court filings, the Court will modify paragraph nine to both clarify and ensure compliance with existing law in this circuit.  Accordingly, the parties' motion, **ECF No. 14**, is **GRANTED IN PART AND DENIED IN PART**.  The following Protective Order is entered by the Court:

ORDER ~ 1

1.      This Protective Order ("Order") shall govern the production of confidential documents and other information or material in this case produced by any party during the course of discovery or pre-trial procedures in this action to the extent that the producing party invokes the provisions of this Order as to such documents or other information or material by taking the action specified below. Documents produced in this action by third parties ("Producing Third Party") pursuant to a subpoena may also be subject to the provisions of this Order if the Producing Third Party takes the action specified herein to designate produced documents as "Confidential."

2.      Documents or information may be designated as "Confidential" for purposes of this Order by a party or a Producing Third Party if the designating party in good faith reasonably believes that the documents or information contain trade secrets or other confidential research, development proprietary or commercial information.

3.      Any document or thing produced by any party or Producing Third Party or any testimony taken in this action may be designated by a party as "Confidential." Only a party to this action may designate discovery or pre-trial information exchanged as confidential by marking "Confidential" on documents produced pursuant to discovery or exhibit exchange or on those specific portions of interrogatory answers deemed confidential, or by stating on the record that portions

ORDER ~ 2

of the testimony, with particularity, at a deposition or hearing are to be treated as confidential. Documents consisting of multiple pages may be marked as "Confidential" under this Order as follows:

    (a)   Counsel shall make reasonable efforts to prevent documents and information that are not of the type specified in paragraph 2, above, from being marked "Confidential."

    (b)   Documents and information that are of the type specified in paragraph 2, above, may be designated "Confidential" by marking each page of the document as "Confidential."

The marking of a document as "Confidential" pursuant to this Order shall not restrict any party's use of any other copy of the same document that such party lawfully procures from a source other than a party or Producing Third Party who marked such document as Confidential pursuant to this Order; provided that nothing in this Order is intended to nullify or terminate any confidentiality provisions that might apply to such document under the terms of any other order or agreement concerning confidentiality entered by any Court in any other case.

4. Any party may challenge a designation of documents or information as "Confidential" by seeking a stipulation from the designating party or by moving for an order determining whether either designation was properly claimed pursuant to the standards set forth above and the Rules of Civil Procedure and existing common law. The "Confidential" designation will remain in effect until the designating party stipulates to change/remove such designation or the Court so

ORDER ~ 3

orders. The burden of establishing that the document should be treated as Confidential remains with the person claiming confidentiality.

5. A party shall not be obligated to challenge the propriety of a designation of certain material as Confidential information at the time made, and a failure to do so shall not preclude a subsequent challenge.

6. These procedures are intended solely to facilitate the proceedings in this litigation.  The failure to object to the designation of information as Confidential shall not be deemed as an admission or an agreement that the information so designated constitutes or contains confidential or secret information.

7. Confidential material produced for a party in this litigation shall be used by the receiving party solely in connection with, and only as necessary for, the preparation and trial of this action or any related appellate proceedings. The confidential material shall not be used for any other purpose, including, without limitation, any other litigation or business purpose including any other court or administrative proceeding whether in State or Federal forum, and the appeal of any such judicial or administrative proceeding. Confidential material and information derived from confidential material shall not be disclosed by the party receiving production of the same except to the following persons:

ORDER ~ 4

    (a)    Counsel of Record, including attorneys in the same firm, counsel associated with counsel of record for this cause, and counsel for any party to this action;

    (b)    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by, or contracted with, counsel listed in subparagraph (a);

    (c)    A party, as currently named, or any officer, director, employee, agent, counsel employees, contractors or in-house legal personnel of a party or any parent, subsidiary or other affiliate of a party who is responsible for assisting counsel in the litigation;

    (d)    Court personnel, including stenographic reporters engaged in the proceedings as are necessarily incident to preparation for trial and trial of this action; and

    (e)    Any outside expert or prospective expert retained or anticipated to be retained in connection with this action by any party, and any witness, consultant, or prospective witness associated with discovery, preparation for trial and/or the trial of this action, provided that prior to disclosure of any confidential information or material, counsel of record for the party making such disclosure shall provide a copy of this order to the person(s) to whom such disclosure is made and obtain a signed and dated written acknowledgment stating as follows: "I, [name], have read the attached Agreed Protective Order entered in the case styled Snider v. Northland Group pending in the United States District Court for the Eastern District of Washington, Spokane Division, Civil Action No. 2:11-cv-00191-RMP, and I understand that I am bound by the terms contained therein."

    8.    No person having access to any Confidential information by reason of the production of the same in this litigation shall disclose in any manner its contents to any person other than those described in the preceding paragraph. No such disclosure shall be made for any purpose other than those specified in this Order.

ORDER ~ 5

9. If any party desires to file any Confidential information with the Court, such person shall file such information under seal in accordance with Local Rules or further Order of this Court, except for use as an exhibit at trial or in any hearing in this case or the current state court case pending between the parties. There is a strong presumption in favor of public access to court documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record must so move the Court and bears the burden of overcoming the presumption. *Kamakana*, 447 F.3d at 1178. In the case of documents filed in support of a dispositive motion, the "compelling reasons" standard applies, and "[t]he party must "articulate [ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations omitted). With regard to non-dispositive motions, "a particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material." *Kamakana*, 447 F.3d at 1180 (internal citations and quotations omitted).

10. In the course of producing documents or information in this case, the parties recognize that documents may be inadvertently or unintentionally produced, or deposition testimony may be inadvertently or unintentionally given,

ORDER ~ 6

which contains or concerns confidential or arguably confidential matters. The giving or public filing of any such testimony, shall not constitute a general or subject matter waiver of this Order, nor shall any such inadvertent disclosure preclude a party or a Producing Third Party from thereafter designating such information or document as "Confidential" for purposes of this Order as set forth herein above.

11.  At the conclusion of trial and of any appeals or upon other termination of this litigation, all Confidential material received under the provisions of this Order (including, without limitation, confidential material in the possession of any outside expert) shall be returned to the person producing same within thirty (30) days of the termination of this litigation, or, at the direction of such person, destroyed; however, the person returning such materials may, upon application to the Court and for good cause shown, ask that the person or party who requests the return or destruction of the documents pay the actual and reasonable costs of compiling such confidential materials for return and of transmitting such materials to the producing party, and the Court will enter an order ruling upon any such application that either denies the application or awards the applicant an amount found by the Court to constitute such actual and reasonable costs; provided, however, that this provision shall not apply to transcripts of depositions, pleadings, or exhibits to pleadings actually filed of record, or trial testimony, or other sworn

ORDER ~ 7

statements of witnesses. The provisions of this Order, insofar as they restrict the communication and use of Confidential material or information derived from Confidential material, shall continue to be binding upon all persons, including but not limited to outside experts, who are subject to the terms of this order until this Court orders otherwise.

12. In the event that any person shall violate or threaten to violate any term of this Order, the person aggrieved by such violation or threatened violation may seek injunctive relief or such other similar relief as the Court may determine to be appropriate.

13. The parties (with the consent of a Producing Third Party if applicable) may by written agreement waive any term or provision of this Order. Nothing in this Order shall be construed as a waiver of any right to object to the furnishing of information in response to discovery on a basis other than confidentiality.

14. This Order is binding upon the parties to this action and Producing Third Parties, their officers, agents, contractors, employees, and attorneys, and upon those persons, including without limitation, outside experts in active concert or participation with them who receive actual notice of this Order by personal service or otherwise and/or who avail themselves of the benefits of this Order. The Court retains jurisdiction over all such persons for the purpose of enforcing this Order.

ORDER ~ 8

15. It is specifically acknowledged and agreed that the production of any documents pursuant to the terms of this Order shall not act as a waiver of any privilege applicable to such document, including but not limited to, the attorney-client privilege, work product doctrine, proprietary information privilege, joint defense privilege, and/or any protection or limitation under a pre-existing confidentiality agreement or protective order.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 13th of February 2012.

                     *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
              Chief United States District Court Judge

ORDER ~ 9